1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brown Bark III, L.P., | No. CV 09-1298-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Jonathan Vento, Lori Vento, Grace Hotels LLC, Donald Zeleznak, and Shirley Zeleznak. | |
| Defendants. | |

On July 21, 2009, this Court issued the following Order to Show cause regarding federal subject matter jurisdiction:

> "Inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003). In this case, the amended complaint fails to sufficiently plead jurisdiction. *See* 28 U.S.C. § 1332; *Johnson v. Columbia Properties Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006).
> Accordingly,
> **IT IS ORDERED** that by August 10, 2009, Plaintiff (who is the party asserting jurisdiction and therefore the party with the burden of pleading jurisdiction, *see Industrial Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990)) shall file a second amended complaint properly alleging federal subject matter jurisdiction, or this case will be dismissed without prejudice for lack of federal subject matter jurisdiction.
> **IT IS FURTHER ORDERED** that Plaintiff is cautioned that it will be given one opportunity to amend to cure the jurisdiction defects. The Court will not issue additional sua sponte show cause orders to advise Plaintiff how to plead jurisdiction.[1] Therefore, if the amended complaint fails to plead federal subject matter jurisdiction, this case will be dismissed without the Court sua sponte granting Plaintiff any further opportunities to amend.

[1] The Court should not give a party advice because advice, "would undermine district judges' role as impartial decision makers." *See Pliler v. Ford*, 542 U.S. 225, 231 (2004).

Doc. #10.

On August 7, 2009, Plaintiff filed a second amended complaint which still fails to plead federal subject matter jurisdiction. Specifically, the second amended complaint states that Plaintiff's general partner is a limited liability company. However, it fails to plead the citizenship of each member of the limited liability company. *See Johnson v. Columbia Properties Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006). Additionally, the second amended complaint states that Grace Hotels is a limited liability company, but fails to plead the citizenship of each member of that limited liability company. *See id.* Because Plaintiff has failed to plead federal subject matter jurisdiction,

IT IS ORDERED that this case is dismissed, without prejudice, for lack of federal subject matter jurisdiction.

DATED this 13th day of August, 2009.

_____
James A. Teilborg
United States District Judge